IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSIE JAMES WHIGHAM, #999503
    Plaintiff,

vs.                                Case No.: 5:08cv28/RS/EMT

MS. DONNA, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

    Plaintiff, a prisoner proceeding pro se, initiated this action on January 22, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff subsequently filed an amended complaint (Doc. 11). Leave to proceed in forma pauperis has been granted (Doc. 4). The court granted Plaintiff's motion to proceed in forma pauperis based only upon the monetary information supplied in the motion; however, based upon further review of the file and of previous cases filed by Plaintiff, the court vacates its order granting the motion.

    Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim. The court takes judicial notice of three cases previously filed by Plaintiff in this District, which have been previously dismissed by the court as frivolous, malicious, or for failing to state a claim upon which relief may be granted: Whigham v. Garner, Case No.: 3:97cv325/RV (N.D. Fla) (dismissed on January 14, 1998, for failure to comply with a court order, failure to prosecute, and failure to state a claim); Whigham v. Lippmann, et al., Case No.: 5:07cv159/RS/MD (N.D. Fla.) (dismissed on December 19, 2007, for failure to comply with a court order, failure to prosecute, and failure to state a claim); and Whigham v. Dr. Rohan, Case No.: 5:07cv246/RS/EMT

(N.D. Fla.) (dismissed on January 3, 2008, for failure to state a claim).[1] Each of these cases is counted as a "strike." Plaintiff is therefore no longer entitled to proceed in forma pauperis, and he must pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915.

In this case, Plaintiff named two Defendants in his original complaint, "Ms. Donna" and "Ms. Thomas," both of whom are nurses at the Bay Corrections Facility ("BCF") (Doc. 1 at 1–2). In his amended complaint, Plaintiff has named only one Defendant, "Ms. Debbie Thomas," head nurse at BCF (Doc. 11 at 1–2).[2] The facts in each complaint, while not identical, are similar. Plaintiff generally alleges that on December 4, 2007, he told "Nurse Greg" that he was having complications with medication that had been prescribed to him by Dr. Lippmann (*id.* at 10). Plaintiff also told "Nurse Greg" that he was getting headaches, spitting up blood, and that his left foot hurts even more when he wears the "ted hose" (*id.*). "Nurse Greg" gave Plaintiff a medical complaint form and told him to sign up for sick call so that he could be examined further (*id.* at 11). On December 5, 2007, "Nurse Donna" came to Plaintiff's cell door and asked Plaintiff if he had any medical complaints (Doc. 1 at 7). Plaintiff advised "Nurse Donna" that he had put them (his complaints) in the "medical box last night," and "Nurse Donna" replied, "yes, I got it" (*id.*). Plaintiff next alleges that "come to find out that [Defendant] Nurse Thomas was the head nurse that day it got colse [sic] to shift chang[e] and she did not leave any order for the second shift that they had not gotten done" (*id.*). Plaintiff alleges that Defendant Thomas, in failing to give Plaintiff's medical complaint to the second shift, "exercised deliberate indifference to Plaintiff['s] health and safety just like the medical staff at the Bay County Annex [,where Plaintiff was housed before his transfer to BCF, had done by] denying [him] treatment" (Doc. 11 at 11).

Plaintiff's allegations do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under <u>imminent</u> danger of serious injury. Initially, the earlier incident described in Plaintiff's complaint does not evidence a <u>present</u> threat of serious physical injury to him. For

---

[1]The prisoner number of the plaintiff in each of these cases, #999503, is the same as Plaintiff's.

[2]Plaintiff filed an amended complaint without being directed to do so by the court and before the court was aware of his status as a "three striker."

Case No: 5:08cv28/RS/EMT

example, the facts do not allege that Plaintiff was (or is being) continuously denied medical care; instead, Plaintiff complains of one instance where his medical complaint was not forwarded to the second shift. By Plaintiff's own admission, Dr. Lippmann prescribed medication for him, and Plaintiff was provided with a "ted hose" for his left foot during his incarceration at BCF. Moreover, Plaintiff has been transferred from BCF (*see* Docs. 5, 6 (Notices of Change of Address)), and the only Defendant named in the amended complaint, Debbie Thomas, is employed at BCF (similarly, "Nurse Donna," named only in the original complaint, is employed at BCF). Thus, even if Plaintiff were exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute, as the Defendants in the original and amended complaint are not employed at Plaintiff's present place of incarceration. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff therefore cannot proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

1. The court's previous order (Doc. 4) granting Plaintiff's motion to proceed in forma pauperis (Doc. 2) is hereby **VACATED**.

2. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

3. The clerk of court shall mail a copy of this order to: Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500, Attention: Agency Clerk. The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 5:08cv28/RS/EMT.

And it is respectfully **RECOMMENDED**:

1. That Plaintiff's case be dismissed without prejudice to its refiling accompanied by full payment of the $350.00 filing fee.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 23<u>rd</u> day of April, 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**